IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60095
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BOBBIE LEWIS MAYES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-124-ALL-WS
--------------------
September 5, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bobbie Lewis Mayes appeals his conviction for carjacking. Mayes contends that the district court erred:  (1) in admitting evidence of his two prior robbery convictions; (2) in admitting evidence of the Capitol Medical Supply robbery; (3) in admitting evidence of a witness' identification of him in a physical lineup; (4) in failing to grant a mistrial for prosecutorial misconduct; and (5) by not granting his motion for a judgment of acquittal.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not abuse its discretion in determining that Mayes' two prior robbery convictions were admissible under Fed. R. Evid. 609(a)(1) because their probative value outweighed their prejudicial effect. See United States v. Cantu, 167 F.3d 198, 203 (5th Cir.), cert. denied, 528 U.S. 818 (1999); United States v. Preston, 608 F.2d 626, 639 (5th Cir. 1979). Moreover, since the district court gave an explicit limiting instruction to the jury regarding the prior convictions, any error in admitting the evidence was harmless. See United States v. Hall, 152 F.3d 381, 402 (5th Cir. 1998), abrogated on other grounds by United States v. Martinez-Salazar, 528 U.S. 304 (2000).

Neither did the district court abuse its discretion in determining that the Capitol Medical Supply robbery was intrinsic evidence of the carjacking and, therefore, admissible. See Cantu, 167 F.3d at 203; United States v. Coleman, 78 F.3d 154, 155-57 (5th Cir. 1996). Furthermore, given the district court's limiting jury instruction regarding evidence of the robbery, any error in admitting the evidence was harmless. See Hall, 152 F.3d at 402.

The district court also did not abuse its discretion in admitting evidence of the physical lineup, conducted without the presence of defense counsel, at which the victim of the Capitol Medical Supply robbery identified Mayes. See Cantu, 167 F.3d at 203. Although at the time of that lineup Mayes had already been charged in state court with auto theft, Mayes was not entitled to counsel with respect to the lineup because the Sixth Amendment

right to counsel is offense-specific. See Texas v. Cobb, 121 S. Ct. 1335, 1340-43 (2001). Because the Capitol Medical Supply robbery and the car theft clearly did not constitute the same act or transaction, and because robbery and car theft each require proof of a fact that the other crime does not, see Miss. Code Ann. §§ 97-3-73, 97-17-42, the two crimes are not considered the same offense for purposes of the right to counsel. See Cobb, 121 S. Ct. at 1343; Blockburger v. United States, 284 U.S. 299, 303-04 (1932).

The district court did not abuse its discretion in denying Mayes' motion for a mistrial based on prosecutorial misconduct in the form of the Government's eliciting of testimony regarding his pre-trial incarceration. See United States v. Mitchell, 166 F.3d 748, 751 (5th Cir. 1999). Even assuming that the prosecutor's line of questioning was improper, Mayes has failed to demonstrate that the questions prejudiced his substantial rights. See United States v. Lankford, 196 F.3d 563, 574 (5th Cir. 1999), cert. denied, 529 U.S. 1119 (2000).

Finally, the district court did not err in denying Mayes' motion for judgment of acquittal. Mayes' sole argument is that there was insufficient identification evidence to allow any rational person to conclude that he was the carjacker. Given that both the carjacking victim and the Capitol Medical Supply robbery victim identified Mayes and that he was admittedly in possession of the carjacked vehicle one week after the crime,

there was sufficient evidence for a reasonable juror to find that Mayes was the carjacker.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

In light of the foregoing, the district court's judgment is AFFIRMED.